```
                                                U.S. DISTRICT COURT
                                             NORTHERN DISTRICT OF TEXAS
       IN THE UNITED STATES DISTRICT COURT         FILED
            NORTHERN DISTRICT OF TEXAS
              FORT WORTH DIVISION                 FEB 28 2018

20/20 COMMUNICATIONS, INC.,   §              CLERK, U.S. DISTRICT COURT
                              §              By_____
        Plaintiff,            §                              Deputy
                              §
VS.                           §   NO. 4:17-CV-929-A
                              §
LENNOX CRAWFORD,              §
                              §
        Defendant.            §
```

MEMORANDUM OPINION AND ORDER

Came on for consideration the complaint and motion of plaintiff, 20/20 Communications, Inc., to vacate arbitration award. The court, having considered the complaint and motion, the answer and response of defendant, Lennox Crawford, the reply, the record, and applicable authorities, finds that the motion should be denied and the clause construction award (as hereinafter defined) upheld.

I.

Nature of the Case

This is an action to set aside the October 18, 2017 Clause Construction Award (the "award") entered against plaintiff and in favor of defendant in AAA Case No. 01-16-0001-8118 (the "arbitration"). Plaintiff says that the parties' dispute is over the proper scope of the arbitration, contending that the arbitrator erred in determining that the parties' Mutual Arbitration Agreement ("MAA") permits class arbitration. In

particular, it alleges that the award conflicts with <u>Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. 662 (2010), and its progeny. In addition, plaintiff urges that the arbitrator overstepped his authority by striking the MAA's class waiver provision.

II.

Background

Plaintiff employed defendant as a field sales manager. In connection with his employment, defendant entered into a number of agreements with plaintiff, including the MAA. Doc.[1] 1 at 4. Defendant commenced the underlying arbitration on May 13, 2016, by filing an arbitration submission alleging violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"). Doc. 17 at 2-8. On August 11, 2016, defendant amended his submission to clarify that he sought to proceed with a collective action. <u>Id.</u> at 12-21.

On August 31, 2016, plaintiff filed in this court an action styled "20/20 Communications, Inc. v. Blevins, et al.," which was assigned Case No. 4:16-CV-810-A (the "Blevins action").[2] Blevins

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] The Blevins action was transferred to another judge who was presiding over an earlier-filed action with overlapping issues. Following the transfer, the case bore the letter "Y" instead of "A."

2

Doc.[3] 1. In that case, plaintiff alleged that each of the defendants, including defendant here, had filed an arbitration proceeding alleging violation of the FLSA and recently amended to state class claims. Plaintiff alleged that the MAA between plaintiff and each defendant foreclosed class and collective arbitration. It sought a declaration that the court and not the arbitrators was to determine whether class arbitration was available and it sought injunctive relief to prohibit defendants from pursuing class arbitration of claims. Id. Plaintiff filed in the Blevins action a motion for temporary restraining order, Blevins Doc. 27, which was denied. Blevins Doc. 35. The court also denied plaintiff's motion for preliminary injunctive relief. Blevins Doc. 52. Plaintiff filed an interlocutory appeal and the court ordered that the case be closed administratively pending such appeal. Blevins Doc. 56. The interlocutory appeal has been dismissed for lack of jurisdiction, Blevins Docs. 57, 58, and the parties to that action have filed a motion to reopen the case. Blevins Doc. 59.

By opinion and order issued January 13, 2017, the arbitrator ruled that he had jurisdiction to determine the arbitrability of the issues presented. Doc. 4 at 11-20. The arbitrator made

---

[3]The "Blevins Doc. __" reference is to the number of the item on the docket in the Blevins action.

reference to the rulings in the Blevins action in denying plaintiff's motion for stay. Id. at 17. As stated, on October 18, 2017, the arbitrator entered the award in favor of defendant, holding that the MAA must be read to permit class/collective arbitration. Id. at 2-9. The arbitrator granted a thirty-day stay to give the parties an opportunity to seek judicial review, id. at 9, and plaintiff filed this action.

III.

Applicable Legal Principles

Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), a court may vacate an award only in very unusual circumstances. Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 568 (2013). Review of an arbitration award is exceedingly deferential, with courts resolving any doubt or uncertainty in favor of upholding the award. Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 385 n.9 (5th Cir. 2004); Action Indus., Inc. v. U.S. Fidelity & Guar. Ins. Co., 358 F.3d 337, 343 (5th Cir. 2004). The party challenging the award bears a heavy burden. Cooper v. WestEnd Capital Mgmt., L.L.C., 832 F.3d 534, 545 (5th Cir. 2016). The sole question for the court is whether the arbitrator even arguably interpreted the parties' contract, not whether he got the meaning right or wrong. Oxford Health Plans, 569 U.S. at 569.

4

IV.

Analysis

Plaintiff contends that the arbitrator exceeded his authority by even deciding the issue of whether class arbitrability is appropriate. Doc. 1 at 11. Plaintiff recognizes, however, that in so doing, the arbitrator was construing the language of the MAA. Doc. 1 at 14. The MAA provides that the arbitrator is to hear and resolve arbitrability issues "concerning the formation or meaning of this Agreement." Doc. 4 at 26, ¶ 7. Here, the arbitrator had to determine the meaning of the phrase "to the maximum extent permitted by law" as used in the MAA. The phrase appears twice in paragraph 6 of the MAA:

> Arbitration allows Employer and Employee to work directly with each other to resolve any problems as quickly and efficiently as possible. In this spirit, the parties agree that this Agreement prohibits the arbitrator from consolidating the claims of others into one proceeding, to the maximum extent permitted by law. This means that an arbitrator will hear only individual claims and does not have the authority to fashion a proceeding as a class or collective action or to award relief to a group of employees in one proceeding, to the maximum extent permitted by law. . . .

Id. at ¶ 6.

The arbitrator interpreted the phrase to allow consolidation of claims where the waiver of class arbitration would be illegal (that is, not permitted by law), as he believed the Ninth Circuit

to have held.[4] Doc. 4 at 3-6. Even if the arbitrator was wrong as a matter of law, he was charged with interpreting the MAA and the award reflects that he did so. See BNSF Railway Co. v. Alstom Transp., Inc., 777 F.3d 785, 788 (5th Cir. 2015).

Plaintiff having failed to show that one of the grounds listed in the FAA for vacating the award exists, the award must be confirmed.

V.

Order

The court ORDERS that the award be, and is hereby, affirmed, and that plaintiff's motion to vacate be, and is hereby, denied.

SIGNED February 28, 2018.

JOHN McBRYDE
United States District Judge

---

[4]Thus, without mentioning Stolt-Nielsen S.A. v. AnimalFeeds Int's Corp., 559 U.S. 662 (2010), the arbitrator found that there was a contractual basis for finding that the parties had agreed to submit to class arbitration.